UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW BECKETT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPT. STATE HOSPITALS-ASH, et al,<br><br>　　　　　Defendants. | Case No. 2:25-cv-01862-VBF-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

**I.　　BACKGROUND AND SUMMARY**

　　On March 3, 2025, Plaintiff Matthew Beckett, who is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the California Department of State Hospitals – Atascadero State Hospital ("ASH"), the California Office of Patient Rights, California Governor Gavin Newsom, and numerous other individuals, the majority of whom appear to be ASH employees. (See Comp. at 1-2 (as paginated on the Court's electronic docket)).
///

　　On October 7, 2025, the Magistrate Judge screened the Complaint pursuant to

28 U.S.C. § 1915(e)(2)(B), advised Plaintiff of multiple deficiencies therein,[1] and dismissed it with leave to amend.  (Docket No. 10 ("October Order")).[2]  The October Order directed Plaintiff, within thirty (30) days, to file one of the following:  (1) a First Amended Complaint which cures the pleading defects described in the October Order; (1) a Notice of Dismissal; or (3) a Notice of Intent to Stand on the Complaint.  The October Order also expressly cautioned Plaintiff that the failure timely to file a First Amended Complaint, a Notice of Dismissal, or a Notice of Intent to Stand on the Complaint may be deemed Plaintiff's admission that amendment is futile and may result in the dismissal of this action on the grounds set forth in the October Order, on the ground that amendment is futile, for

---

[1]More specifically, the Magistrate Judge advised Plaintiff, albeit in greater detail and with citation to authorities, that the Original Complaint violated Rules 8 and 10(b) of the Federal Rules of Civil Procedure and was too vague and conclusory to otherwise permit the Court to screen it, and that, in any event, the Eleventh Amendment barred any Section 1983 claim against at least ASH.  (Docket No. 10).

[2]Absent consent by all parties, including unserved defendants, a magistrate judge cannot issue dispositive orders, including an order dismissing a claim.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019); see also Williams v. King, 875 F.3d 500, 504 (9th Cir. 2017) ("[C]onsent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under § 636(c)(1)."); 28 U.S.C. § 636(b)(1)(A)-(B). However, "the dismissal of a complaint with leave to amend is a non-dispositive matter." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).  Accordingly, a magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge.  See id. at 797. Additionally, a plaintiff who disagrees with a magistrate judge's order, including a nondispositive order dismissing a pleading with leave to amend, may file an objection with the district judge.  See Bastidas v. Chappell, 791 F.3d 1155, 1162 (9th Cir. 2015); see also Hunt v. Pliler, 384 F.3d 1118, 1124 (9th Cir. 2004) ("District court review of even these nondispositive matters . . . can be compelled upon objection of the party against whom the magistrate has ruled.") (quoting McKeever, 932 F.2d at 798).  The October Order expressly notified Plaintiff that (1) the October Order constituted non-dispositive rulings on pretrial matters; (2) to the extent a party disagreed with such non-dispositive rulings, such party may seek review from the District Judge within fourteen (14) days; (3) to the extent a party believed that the rulings were dispositive, rather than non-dispositive, such party had the right to object to the determination that the rulings were non-dispositive within fourteen (14) days; and (4) a party would be foreclosed from challenging the rulings in the October Order if such party did not seek review thereof or object thereto. (October Order at 8 n.4).  Plaintiff did not seek review of, or file any objection to the October Order.

failure diligently to prosecute, and/or for failure to comply with the October Order.

Although the deadline to comply with the October Order expired more than a month ago, to date, Plaintiff has not filed a response to the October Order or sought an extension of the deadline to do so. Nor has Plaintiff sought review of, or filed any objection to the October Order.[3]

As discussed below, this action is dismissed due to Plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order by the deadline to do so.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely

---

[3]The October Order was entered on the docket and sent to Plaintiff on October 8, 2025. (Docket No. 10). On the same date, Plaintiff wrote a letter to the Court complaining about events that had occurred on October 2, 2025. (Docket No. 11). The Clerk received such letter/attachments on October 14, 2025 and such filing was entered on the docket on October 28, 2025. (Docket No. 11). In light of the timing and substance thereof, it is clear that Plaintiff's letter/attachment was generated before Plaintiff received the October Order and was not generated in response thereto.

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

      Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted).  In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action.  See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action.").  A District Judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended complaint) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

**III.   DISCUSSION AND ORDER**

      First, the Court has reviewed the October Order, and finds that it adequately and properly notified Plaintiff of the deficiencies in the Complaint and afforded Plaintiff an opportunity to amend effectively.  This Court agrees with and adopts

///

the October Order and finds that the Magistrate Judge properly dismissed the Complaint with leave to amend for the reasons discussed in the October Order.

      Second, dismissal is appropriate based upon Plaintiff's failure to comply with the October Order and the failure to prosecute. The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to the Defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal. As noted above, Plaintiff has been notified of the deficiencies in the Complaint and has been given the opportunity to amend it, to dismiss it, or to notify the Court that he wishes to stand thereon. He has done none of those things. See Edwards, 356 F.3d at 1065. The third factor, risk of prejudice to the Defendants, also weighs strongly in favor of dismissal. See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. As for the fifth factor, since Plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the October Order by the deadline to do so, and has been afforded the opportunity to avoid such consequences but has not responded, no sanction lesser than dismissal is feasible. See, e.g., Yourish, 191 F.3d at 989 (dismissal of action *with prejudice* not excessive sanction for plaintiffs' failure timely to comply with court's order to submit an amended complaint).

///
///
///
///

1       IT IS THEREFORE ORDERED that this action is dismissed based upon Plaintiff's unreasonable failure to prosecute and his failure to comply with the October Order by the deadline to do so.

      IT IS SO ORDERED.

Date: January 13, 2026

*Valerie Baker Fairbank*

_____

The Hon. Valerie Baker Fairbank
Senior United States District Judge